UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LEDELLDRA BROOKS, and A.J., a minor, by and through her guardian ad litem LEDELLDRA BROOKS,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO UNIFIED SCHOOL DISTRICT, THERESA MONPERE, CHRISTIE YANG and RON BOHIGIAN, and DOES 1-30,<br><br>Defendants. | CIV. NO. 1:15-00673 WBS BAM<br><br>MEMORANDUM AND ORDER RE: SETTLEMENT OF MINOR'S CLAIMS |

----oo0oo----

Plaintiffs LeDelldra Brooks and her minor daughter A.J. brought this civil rights action against defendant Fresno Unified School District based on the treatment of A.J. at Viking Elementary. Plaintiffs allege that A.J.'s special-needs teacher, defendant Theresa Monpere, placed A.J. in a cage-like enclosure for extended periods without justification. The Complaint also names the Principal at Viking Elementary, defendant Christie

1

Yang, and the former Principal of the school, defendant Ron Bohigian.  In their Complaint, plaintiffs assert the following claims: (1) violation of A.J.'s Fourth Amendment rights under 42 U.S.C. § 1983; (2) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; (3) violation of the Rehabilitation Act, 29 U.S.C. §§ 794, et seq.; (4) false imprisonment; (5) intentional infliction of emotional distress; (6) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq.; and (7) violation of section 220 of the California Education Code.

On August 25, 2015, the parties participated in a settlement conference with Magistrate Judge Thurston, but were unable to reach a settlement.  (Docket No. 20.)  After the conference, however, the parties reached a settlement of all claims for a total of $500,000.  The settlement provides that plaintiffs' counsel will receive 25% of the total settlement.  The settlement further provides that costs will be deducted in the amount of $9,002.51, with a total of $7,407.40 allocated as A.J.'s share of the costs and the rest allocated as Brooks' share.  Of the total settlement, A.J. will receive a net recovery of $300,000 after the deduction of attorney's fees and costs, including $3,000 in attorney's fees for the drafting of the special needs trust.  A.J.'s share of the recovery will be placed in a special needs trust pursuant to California Probate Code section 3604 and 42 U.S.C. § 1396p(d)(4)(A).

"[T]he district court has a special duty to safeguard the interests of minor plaintiffs" that requires it to "determine whether the net amount distributed to each minor plaintiff in the

proposed settlement is fair and reasonable." Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011) (emphasis omitted); see also E.D. Cal. Local R. 202(b) (requiring approval of the settlement of a minor's claims). The Ninth Circuit has specifically instructed district courts to "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1181-82. The court must "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel--whose interests the district court has no special duty to safeguard." Id. at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Id.[1]

The court has reviewed the allegations in this case, including defendants' denial as to the extent the cage-like

---

[1] In Robidoux, the Ninth Circuit indicated that its "holding is limited to cases involving the settlement of a minor's federal claims" and the court declined to "express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." Robidoux, 638 F.3d at 1179 n.2. Here, the court exercises supplemental, not diversity, jurisdiction over plaintiff's state law claims, which the court in Robidoux did not appear to exclude from its holding. The court will thus apply the same standard under Robidoux to plaintiff's supplemental state law claims. Accord Colbey T. v. Mt. Diablo Unified Sch. Dist., Civ. No. 11-03108 LB, 2012 WL 1595046, at *1-2 (N.D. Cal. May 4, 2012).

structure was used.  The settlement is for a substantial sum and the court is not certain that even that amount could be achieved if the case proceeded to trial, especially given concerns over A.J.'s ability to testify.

The court has also reviewed the confidential report by the child psychologist plaintiffs' counsel retained.  The psychologist diagnosed A.J. with post-traumatic stress disorder and estimated that two to five years of therapy would be necessary for A.J. to recover from the psychological trauma defendants allegedly caused.  (Docket No. 39.)  Especially given the establishment of the special needs trust to ensure that A.J. continues to receive the public assistance she now does, the court finds that the net recovery under the settlement should be more than sufficient to provide A.J. with the necessary therapy.

The court also finds that the settlement is in line with the "average recovery" in factually similar cases: it falls between settlements that are significantly lower in the Eastern District and others that are significantly higher in the Northern District.  Compare, e.g., Guerrero v. Brentwood Union Sch. Dist., Civ. No. 13-03873 LB, 2014 WL 1351208, at *1, *3 (N.D. Cal. Apr. 4, 2014) (approving net settlement payments ranging from $562,500 to $743,849.54 per child based on claims that the "children's pre-kindergarten teacher, subjected the children to regular acts of child abuse or neglect and observed acts of child abuse or neglect being inflicted on other special needs children in their classroom, including, but not limited to, yelling, swearing and inappropriately aggressive physical contact"); Phelan v. Brentwood Union Sch. Dist., Civ. No. 12-00465 LB, 2013 WL 323435,

4

1  at *1, *3 (N.D. Cal. Jan. 28, 2013) (approving settlement with
2  net recovery of "$570,000, minus the amount of money charged for
3  drafting the trust" when minor's "prekindergarten teacher[]
4  battered J.P. during class[ and] J.P. suffered physical and
5  emotional injuries as a result"); D.C. ex rel. T.C. v. Oakdale
6  Joint Unified Sch. Dist., Civ. No. 1:11-01112 SAB, 2013 WL
7  275271, at *1 (E.D. Cal. Jan. 23, 2013) (approving net settlement
8  payment of $30,000 based on allegations that the school "failed
9  to provide proper programs, services and activities" to a child
10 with a disability and "used restraints and other punishments on"
11 the child); D.K. ex rel. G.M. v. Solano Cnty. Office of Educ.,
12 Civ. No. 2:08-00534 MCE DAD, Docket Nos. 69, 141 (E.D. Cal. Dec.
13 21, 2011) (approving net settlement payments of $200,000 based on
14 numerous allegations of physical abuse); T.B. v. Chico Unified
15 Sch. Dist., Civ. No. 2:07-00926 GEB CMK, 2010 WL 1032669, at *2
16 (E.D. Cal. Mar. 19, 2010) (approving net settlement payment of
17 $16,500 based on allegations that the minor was "subjected to
18 unnecessary force" at school).
19          Based on all of these considerations, the court finds
20 that the settlement is fair and reasonable and in the best
21 interest of the minor child.  Accordingly, the court will approve
22 the settlement of A.J.'s claims and the use of the special needs
23 trust submitted to and reviewed by the court.
24          IT IS THEREFORE ORDERED that plaintiffs' motion to
25 approve the settlement of the minor's claims be, and the same
26 hereby is, GRANTED.
27          IT IS FURTHER ORDERED that (1) the special needs trust
28 for A.J. as presented to this court is hereby approved, and

LeDelldra Brooks as guardian ad litem is directed to execute the special needs trusts for the minor; (2) the amount of $303,000.00 is directed to be paid to the A.J. Special Needs Trust, and those funds shall be held in a blocked account and shall only be made available to the Trustees upon further order of the Fresno County Superior Court; (3) insomuch as the funds of the Trust are to be held exclusively in a blocked account, bond and periodic accounts by the Trustee are hereby waived; (4) the proper jurisdiction and venue for on-going oversight of the special needs trust shall lie with the Fresno County Superior Court; and (5) attorney's fees in the amount of $3,000 shall be paid from the special needs trust to the Dale Law Firm for preparation and set-up of the special needs trust.

Dated:   December 21, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE